Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
HEPWORTH LAW OFFICES
2229 West State Street
P.O. Box 2815
Boise, ID 83701-2815
Telephone:  (208) 333-0702
Facsimile:  (208) 246-8655

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESLEY ROMAN, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDEX FREIGHT, INC. a foreign corporation,<br><br>          Defendant. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I.  INTRODUCTION

Fedex Freight, Inc. ("Fedex") discriminated and constructively discharged plaintiff Wesley Roman ("Roman") because of his physical disability and/or age on January 18, 2018.  Fedex's wrongful termination, failure to accommodate, and retaliation is a violation of the Equal Opportunity for Individuals With Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*, and the Idaho Human Rights Act ("IHRA"), I.C. § 67–5909. Mr. Roman seeks economic and non-economic damages arising from the discrimination and wrongful termination.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## II.     PARTIES, JURISDICTION, AND VENUE

1.     The Plaintiff Wesley Roman ("Roman") is currently and at all material times was a resident of Ada County, state of Idaho.

2.     Fedex Freight, Inc. ("Fedex") is an Arkansas corporation registered and doing business in the State of Idaho, with operations throughout the State of Idaho.

3.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331. The Plaintiff asserts federal subject matter jurisdiction pursuant to 42 U.S.C. 12112 *et seq*., and 29 U.S.C. § 621 *et seq.*.

4.     This Court has supplemental jurisdiction of the state law claims and tortious causes of action asserted herein pursuant to 23 U.S.C. § 1367.  The factual basis of the state law claims brought under the Idaho Human Rights Act and tortious conduct are identical to the operative facts underlying the federal claims.

5.     Venue is proper pursuant to 28 U.S.C § 1391, as all Defendants are registered in the State of Idaho, and all acts or omissions occurred within the judicial district of the United States District Court for the District of Idaho.

6.     Mr. Roman timely filed a charge of discrimination with the Idaho Human Rights Commission and the U.S. Equal Employment Opportunity Commission. Mr. Roman received his Notice of Right to Sue from the EEOC on September 5, 2019. Mr. Roman therefore exhausted all administrative remedies, and timely brings this action under State and Federal law.

## III.     GENERAL ALLEGATIONS

7.     On June 8, 2017, at approximately 3:20 AM, Mr. Roman was involved in a single vehicle accident that occurred within the scope of Mr. Roman's employment. The accident occurred after

**COMPLAINT AND DEMAND FOR JURY TRIAL**
 - 2

Mr. Roman fell asleep while driving. Whereas his truck suffered damage, there was no damage to his trailer or the freight inside. Mr. Roman was not given a citation following the accident.

8. Following the accident, Mr. Roman was required by Fedex to undergo a sleep study test. Pursuant to the test, Mr. Roman was diagnosed with sleep apnea. Mr. Roman also had pre-existing diagnoses of generalized depression and anxiety disorders. Mr. Roman's motor vehicle accident was a result of his disability.

9. Arising from his diagnosis of sleep apnea after the accident, Mr. Roman was placed on short-term disability, and thereafter long-term disability leave under his Fedex employment benefit plan as he sought treatment for his disability.

10. Mr. Roman underwent medical treatment which resulted in Mr. Roman's ability to control the effects of his disability. Mr. Roman received medical clearance to come back to work in January 2018. Mr. Roman passed his Department of Transportation physical (as required to maintain his CDL license), passed his certified drug test, and consulted with his personal doctors.

11. Pursuant to Fedex protocol, Mr. Roman also "bid" for a driving position, that was accepted and scheduled to begin on or about January 8, 2018. Mr. Roman was awarded his bid to begin driving and was excited to return to his career after his disability-related absence.

12. On or about Friday, January 5, 2018, Mr. Roman arrived at work to drop off a copy of his Department of Transportation medical card to return to work on the following Monday. However, Mr. Roman's manager pulled him aside and verbally informed him that despite medical clearance from his own doctors and the Department of Transportation, Fedex would not recertify him to drive for their company. Mr. Roman appealed the Commission's decision on January 12, 2018.

**COMPLAINT AND DEMAND FOR JURY TRIAL**
 - 3

13.     On January 18, 2018, Mr. Roman's decertification appeal was summarily denied. Following decertification, Mr. Roman was told the only position available for him to work would be a part-time loading crew position—a substantial demotion from the full-time employment he had enjoyed for thirteen years, making approximately $90,000.00 a year.

14.     Following his de-certification, Mr. Roman spoke to Fedex Human Resources Manager Tammy Rogers about his options on or about January 18, 2018. Mr. Roman initially believed he was entitled to 180-day grace period before making his decision on how to proceed going forward. Instead, Ms. Rogers told him he had until the following Monday, January 22, 2018, to decide whether he would "quit or get fired." Mr. Roman was therefore constructively discharged on January 22, 2018.

15.     Mr. Roman asserts that his decertification was in violation of Fedex's own policies, and that the decision to decertify and thereafter constructively discharge was motivated by Fedex's discrimination based due to his disability and/or his age. Mr. Roman is aware of numerous other Fedex drivers who have been in single-vehicle accidents of a similar nature, but none of the other drivers were terminated.

16.     Mr. Roman was qualified to resume driving and was medically certified to continue driving and had completed all medical testing (including a drug test) and training that he had been asked to complete. Moreover, in his thirteen years driving for Fedex, this was only his second accident, the first occurring after another driver rear-ended his vehicle. The other driver was given a citation.

17.     As a result of Fedex's adverse employment action, Mr. Roman has suffered damages such as lost past and future wages, lost commissions and bonuses, lost employment benefits, and lost retirement benefits. But-for Fedex's wrongful termination, Mr. Roman asserts he intended to work

until age 67.5, where he would have retired with fully vested employment and social security benefits.

## VIOLATION OF THE EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.* ("ADA")

18. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

19. Mr. Roman was the subject of discrimination based on his disability, his history of disability, or was otherwise regarded as disabled by Defendant.

20. Mr. Roman was able to perform all of the essential functions of his occupation, with or without reasonable accommodation. Mr. Roman was a "qualified individual" as defined by 42. U.S.C. § 12111(8).

21. Fedex took adverse actions and ultimately terminated Roman because of his disability.

22. Mr. Roman has also suffered general damages, which will be proven at trial.

## VIOLATION OF I.C. § 67-5909 *et seq.* ("IHRA")

23. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

24. Mr. Roman was the subject of discrimination based on his disability, his history of disability, or was otherwise regarded as disabled by Defendant. Mr. Roman therefore had a "disability" as defined by I.C. § 67-5902(15).

25. Mr. Roman was able to perform all of the essential functions of his occupation, with or without reasonable accommodation.

26. Fedex took adverse actions and ultimately terminated Roman because of his disability.

27. Mr. Roman has also suffered general damages, which will be proven at trial.

## IV. PRAYER FOR RELIEF

WHEREFORE, Wes Roman respectfully prays for judgment against Fedex Freight, Inc. as follows:

a) For money judgment against Fedex as compensation for all past and future lost income, liquidated damages, and other special and general damages sustained by Mr. Roman which will be proven at trial, but which damages will be substantial and more than $75,000.00;

b) For reinstatement to his previous position or an equivalent, or in lieu of reinstatement, future lost wages in an amount to be proven at trial;

c) For all reasonable court costs and attorney fees incurred by the Plaintiff in prosecution of the present action pursuant to Federal law and the laws of the State of Idaho;

d) For such other and further relief as the Court deems just and equitable.

## V. ATTORNEY FEES

28. Mr. Roman has been required to retain an attorney for purposes of prosecuting this action and is therefore entitled to recover reasonable attorney fees against Fedex pursuant to 42 U.S.C. § 12205, 42 U.S.C. § 1988, 29 C.F.R. § 1614.501(e)., and relevant state and federal law. A reasonable attorney fee is $400.00 per hour.

## VI. PLAINTIFF DEMANDS TRIAL BY JURY

29. Plaintiff demands a trial by jury pursuant to Fed. R. of Civ. P. 38, U.S. Const. Amendment VII, and Idaho Const. Art. I, § 7 on all issues and claims.

DATED this 15th day of October, 2019.

HEPWORTH LAW OFFICES
/s/ *J. Grady Hepworth*
Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
*Attorneys for Plaintiff*